NOT FOR PUBLICATION

FILED

SEP 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JASON HINTZE,

Plaintiff - Appellee,

v.

CHARLES DANIELS, Director, NDOC; TIM GARRETT, Warden, LCC; KARA LEGRAND, Associate Warden of Programming, LCC; KIRK WIDMAR, Associate Warden of Operations, LCC; BRIAN WILLIAMS Sr., Deputy Director of Programs, NDOC; HAROLD WICKHAM, Deputy Director of Operations, NDOC,

Defendants - Appellants,

and

STEVE SISOLAK, Governor/Board of Prison Commissioner, BARBARA CEGAVSKE, Secretary of State/Board of Prison Commissioner, AARON D. FORD, Attorney General/Board of Prison Commissioner, MICHAEL MINEV, Medical Director, NDOC, Dr. Doctor IHAN AZZAM, Medical Officer, Dept. of Health and Human Services, Division of Public and Behavioral Health, PERRY RUSSELL,

No. 24-6806

D.C. No.
3:22-cv-00436-MMD-CLB

MEMORANDUM*

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Warden, WSCC,

Defendants.

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted March 9, 2026
Las Vegas, Nevada

Before: BENNETT and SANCHEZ, Circuit Judges, and HOLCOMB, District Judge;[**]
Dissent by Judge Bennett.

Jason Hintze is a prisoner under the custody of the Nevada Department of Corrections. Hintze brought an Eighth Amendment challenge against several prison officials for deliberate indifference toward COVID-19 protocols and unsafe prison conditions.[1] In denying Defendants' motion for summary judgment, the district court held that material disputes of fact precluded Defendants' assertion of qualified immunity and that the right to be free from exposure to illness was clearly established at the time of the alleged violations. We dismiss this appeal for lack of jurisdiction.

[**] The Honorable John W. Holcomb, United States District Judge for the Central District of California, sitting by designation.

[1] Defendant-Appellants are Charles Daniels, Harold Wickham, Brian Williams, Tim Garrett, Kara LeGrand, and Warden Kirk Widmar—former and current employees of the Nevada Department of Corrections (NDOC).

1. An order denying a motion for summary judgment is generally not immediately appealable because a final judgment has not yet been rendered in the case. *See Estate of Anderson v. Marsh*, 985 F.3d 726, 730–31 (9th Cir. 2021); 28 U.S.C. § 1291. But "[w]e may . . . review orders denying qualified immunity under the collateral order exception to finality." *Ballou v. McElvain*, 29 F.4th 413, 421(9th Cir. 2022) (citing *Plumhoff v. Rickard*, 572 U.S. 765, 771-73 (2014)). The scope of our review, however, is "circumscribed." *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (per curiam) (quoting *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013)). Our "interlocutory review jurisdiction is limited to resolving a defendant's purely legal contention that his or her conduct did not violate the Constitution and, in any event, did not violate clearly established law." *Marsh*, 985 F.3d at 731 (internal quotation marks omitted).

The Supreme Court and our circuit have explicitly confirmed the limited nature of appellate review following the denial of summary judgment. "If the defendant argues only that the evidence is insufficient to raise a genuine issue of material fact, we lack jurisdiction" to hear the interlocutory appeal. *Marsh*, 985 F.3d at 730–32. In *Johnson v. Jones*, 515 U.S. 304 (1995), the Supreme Court held that in the context of an interlocutory appeal from the denial of qualified immunity, a district court's summary judgment order is unreviewable when the order determines that the pretrial record was sufficient to raise a genuine dispute of

material fact. *See id.* at 307. We have reiterated this principle on numerous occasions, holding that "[a]ny decision by the district court that the parties' evidence presents genuine issues of material fact is categorically unreviewable on interlocutory appeal." *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013) (quotation marks omitted); *see also Foster*, 908 F.3d at 1210 (Defendants "may not immediately appeal 'a *fact*-related dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial.'"); *Pauluk v. Savage*, 836 F.3d 1117, 1121 (9th Cir. 2016) ("[W]e do not have jurisdiction over a district court's determination that there are genuine issues of material fact. . . ."); *Rosenbaum v. City of* San Jose, 107 F.4th 919, 923–24 (9th Cir. 2024) (same).

2. Defendants challenge the district court's denial of qualified immunity on the grounds that there was insufficient evidence for the district court to find a triable dispute and that Plaintiff did not present admissible evidence to establish that each individual Defendant violated the Eighth Amendment. We have no jurisdiction to consider these arguments on appeal for two reasons. First, these challenges to the admissibility of statements in Hintze's affidavit and the sufficiency of the evidence have been waived because Defendants did not raise these challenges in their summary judgment briefing before the district court. *See Gribben v. United Parcels Serv., Inc.*, 528 F.3d 1166, 1171 (9th Cir. 2008) ("This

argument was not presented to the district court, and therefore it has been waived."); *see also Skillsky v. Lucky Stores, Inc.*, 893 F.2d 1088, 1095 (9th Cir. 1990) ("failure to object to allegedly defective evidence waives the objection for purposes of summary judgment"). Second, as Defendants conceded at oral argument, their interlocutory appeal challenges the district court's determination that the evidence presented by Hintze was sufficient to raise a genuine dispute of material fact. Under clear Supreme Court and circuit precedent, these fact-related disputes about the pretrial record are categorically unreviewable.

3. Defendants' reliance on *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406 (9th Cir. 1995), *Orr v. Bank of Am., NT & SA*, 285 F.3d 764 (9th Cir. 2002), and *Intermountain Fair Housing Council v. Boise Rescue Mission Ministries*, 657 F.3d 988 (9th Cir. 2011), do not alter our conclusion that we lack jurisdiction to hear this appeal. These cases addressed whether affidavits or other filings may constitute sufficient evidence to raise a triable dispute for summary judgment. They do not involve, however, interlocutory appeals from the denial of qualified immunity and the limited scope of appellate review from such orders.

4. While this panel would have jurisdiction over the legal question of whether an issue of law was clearly established at the time of a purported violation, *see Stewart v. Aranas*, 32 F.4th 1192, 1195 (9th Cir. 2022), Defendants do not actually contest the district court's finding that the right to be free from exposure to

serious illness was clearly established at the time of the alleged Eighth Amendment violations. Nor do Defendants take issue with the district court's qualified immunity analysis with regard to the clearly established prong. Indeed, Defendants acknowledged at oral argument and in their appellate briefing that "reasonable prison officials would have been on notice in 2020 that they could be held liable for exposing inmates to a serious disease, including a serious communicable disease," *Hampton v. California,* 83 F.4th 754, 770 (9th Cir. 2024).

The right to be free from exposure to a serious disease has been long-established by prior precedent starting with *Helling v. McKinney*, 509 U.S. 25 (1993). In *Helling*, the Supreme Court held that involuntarily exposure to secondhand smoke and "infectious maladies" can form the basis for Eighth Amendment claims. *See id*. at 33 (citing *Hutto v. Finney*, 437 U.S. 678, 682 (1978)). In the context of COVID-19 specifically, this circuit reaffirmed in *Hampton* that the right to be free from involuntary exposure to illness "has been clearly established since at least 1993, when the Supreme Court decided *Helling*." *Hampton*, 83 F.4th at 769–70. Because Defendants do not seriously contest that the right at issue was clearly established, their arguments regarding this prong of the qualified immunity analysis—which rehash factual disputes—do not provide a basis to assert jurisdiction. Accordingly, we dismiss the appeal for lack of jurisdiction.

**DISMISSED**.

FILED

SEP 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Hintze v. Daniels*, No. 24-6806
BENNETT, Circuit Judge, dissenting:

I agree with the majority that our jurisdiction is limited when we review an interlocutory appeal from a denial of qualified immunity. But I believe we have jurisdiction to reach three issues which are collectively dispositive of this appeal, so I believe dismissal is inappropriate. Instead, I would affirm the denial of qualified immunity. I therefore respectfully dissent.

As the majority notes, our jurisdiction in this posture is "circumscribed." Mem. Dispo. at 3 (quoting *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (per curiam)). We may not review an argument that "the evidence is insufficient to raise a genuine issue of material fact." *Est. of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021). "If the defendant's appeal raises purely legal questions, however, . . . we may review those issues." *Id.* In conducting that review, we must "assum[e] all factual disputes are resolved, and all reasonable inferences are drawn, in plaintiff's favor." *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1068 (9th Cir. 2012).

There are three purely legal questions presented in this appeal. Our precedent makes clear that we retain jurisdiction to consider an argument that the defendant's "conduct 'did not violate the [Constitution] and, in any event, did not violate clearly established law." *Est. of Anderson*, 985 F.3d at 731 (alteration in original) (quoting *Foster*, 908 F.3d at 1210). In addition to these two questions, I believe we also have

jurisdiction to review the admissibility of evidence submitted in support of or in opposition to a motion for summary judgment.

1. The first legal question is whether the constitutional right under which Hintze sues was clearly established at the time of the alleged violation. I agree with the majority that, as we held in *Hampton v. California*, the right at issue "has been clearly established since at least 1993." Mem. Dispo. at 6 (quoting 83 F.4th 754, 769 (9th Cir. 2023)). But I cannot agree that Appellants do not contest the district court's finding that the law was clearly established at the time of the alleged violation. Appellants devote a substantial portion of their brief to the argument that "[n]either Hintze, nor the district court, has cited any Supreme Court or circuit authority which squarely governs the facts of this case and would, beyond debate, clearly establish that Defendants violated the Eighth Amendment." Appellants are wrong, *see Hampton*, 83 F.4th at 769–70, and we have jurisdiction to say so, *see Est. of Anderson*, 985 F.3d at 731, so I would affirm on this issue.

2. The second legal question is whether, construing the facts and drawing all inferences in the light most favorable to Hintze, *see Karl*, 678 F.3d at 1068, Appellants violated the Eighth Amendment, *see Est. of Anderson*, 985 F.3d at 731. Appellants do not meaningfully contest the district court's finding that, construing *all* the evidence in the light most favorable to Hintze, there was a constitutional violation. Instead, Appellants argue that the facts we construe in Hintze's favor

cannot include inadmissible evidence, and that once such evidence is removed from the equation, the remaining facts do not support Hintze's claim.

Appellants are correct that inadmissible evidence—such as inadmissible hearsay or averments solely on information and belief—cannot be considered when presented in opposition to a motion for summary judgment (or in support of such a motion). *See, e.g.*, *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 778–79 (9th Cir. 2002) (hearsay); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (failure to properly support an assertion of fact). Appellants argue that once the inadmissible facts are stricken from consideration, the remaining facts and inferences do not show an Eighth Amendment violation, even when construed most favorably to Hintze. Thus, whether the facts and inferences, construed in the light most favorable to Hintze, show a constitutional violation—and, a fortiori, whether Appellants are entitled to qualified immunity—turns on whether the relevant evidence is admissible.

3. This brings us to the third legal question: whether the district court erred by considering inadmissible evidence. Our sister circuits have split on whether we have jurisdiction to consider the admissibility of evidence when reviewing an interlocutory appeal of a denial of qualified immunity. The Fifth Circuit has held that when "the admissibility of particular evidence is critical to a summary judgment founded on qualified immunity, this court has not hesitated to review the

admissibility of the evidence on appeal." *Mersch v. City of Dallas*, 207 F.3d 732, 735 (5th Cir. 2000), *superseded on other grounds as recognized in Maurer v. Independence Town*, 870 F.3d 380, 384 & n.1 (5th Cir. 2017). Likewise, the Eighth Circuit has held that the admissibility of evidence "raises a purely legal issue under the rules of evidence," and has therefore reached the issue in this posture. *Glaze v. Byrd*, 721 F.3d 528, 532–33 (8th Cir. 2013). In contrast, the Second, Sixth, Seventh, and Tenth Circuits have held that "[t]he admissibility of [evidence] is not within the limited scope of our appellate jurisdiction on [an] interlocutory appeal." *Locke v. Haessig*, 788 F.3d 662, 672 n.4 (7th Cir. 2015); *accord Ellis v. Salt Lake City Corp.*, 147 F.4th 1206, 1223–31 & nn.7–8 (10th Cir. 2025); *Poe v. Leonard*, 282 F.3d 123, 147 (2d Cir. 2002); *Ellis v. Washington County & Johnson City*, 198 F.3d 225, 229 (6th Cir. 1999). We have reached the same conclusion in an unpublished, non-precedential decision, *see Munoz v. Curtis*, 47 F. App'x 501, 502 (9th Cir. Sept. 30, 2002), as has the Eleventh Circuit, *see Bridges v. Morgan*, No. 21-12425, 2022 WL 342905, at *3 (11th Cir. Feb. 4, 2022) (per curiam).

I believe the Fifth and Eighth Circuits are correct. The origin of the rule limiting our interlocutory jurisdiction in this posture to questions of law is *Johnson v. Jones*, 515 U.S. 304 (1995). In *Johnson*, the Supreme Court recognized that the policy of "protecting public officials from lawsuits . . . militates in favor of immediate appeals" of denials of qualified immunity. *Id.* at 317. But it found certain

"countervailing considerations . . . too strong to permit the extension" of jurisdiction to appeals of a "District Court's determination that the summary judgment record . . . raised a genuine issue of fact." *Id.* at 313, 317–18. These countervailing considerations were: the precedential force of *Mitchell v. Forsyth*, 472 U.S. 511 (1985), in which the Court first recognized that some denials of qualified immunity are immediately appealable under limited circumstances, *see Johnson*, 515 U.S. at 311, 313–14, 317–18; the requirement that appealable collateral orders be "separate from the merits of the action itself," *id.* at 311, 314–15, 317–18; and the balance between "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other," *id.* at 315–18 (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 171 (1974)). While these considerations weigh against interlocutory review of determinations of evidence *sufficiency*, all three weigh in favor of interlocutory review of *admissibility*.

First, *Mitchell*. *Johnson* observed that *Mitchell* "referred specifically to a district court's 'denial of a claim of qualified immunity, *to the extent that it turns on an issue of law*.'" 515 U.S. at 313 (quoting *Mitchell*, 472 U.S. at 530). "[*Mitchell*] 'emphasize[d] . . . that the appealable issue is a purely legal one . . . .'" *Id.* (alterations in original) (quoting *Mitchell*, 472 U.S. at 528 n.9). Moreover, *Mitchell* "distinguished precedent not permitting interlocutory appeals on the ground that 'a qualified immunity ruling . . . is . . . a legal issue that can be decided with reference

only to undisputed facts and in isolation from the remaining issues of the case." *Id.* (omissions in original) (quoting *Mitchell*, 472 U.S. at 529 n.10). And *Mitchell*, *Johnson* noted, "explained its separability holding by saying that '[a]n appellate court reviewing the denial of the defendant's claim of immunity need not consider the correctness of the plaintiff's version of the facts.'" *Id.* (alteration in original) (quoting *Mitchell*, 472 U.S. at 528). In other words, the *Johnson* Court's reasoning turned on *Mitchell*'s sharp delineation between legal and non-legal issues: the former are appealable, the latter are not. We should not redraw that line to *exclude* the legal issue of admissibility from the scope of appellate review.

Second, separability. *Johnson* recognized that appealable denials of qualified immunity "involve[] issues significantly different from those that underlie the plaintiff's basic case." *Id.* at 314. It observed that "*Mitchell* rested upon the view that 'a claim of immunity is conceptually distinct from the merits of the plaintiff's claim,'" *id.* (quoting *Mitchell*, 472 U.S. at 527), and so a finding that a defendant lacks qualified immunity can be reviewed on appeal without "consider[ing] the correctness of the plaintiff's version of the facts," *id.* at 313 (quoting *Mitchell*, 472 U.S. at 527). In an "appeal [of] a district court's determination that the evidence is sufficient to permit a particular finding of fact after trial, it will often prove difficult to find any such 'separate' question." *Id.* at 314. But an appeal of the *admissibility* of evidence does not involve the same complications. And a legal admissibility

determination does not involve any consideration of the correctness of the plaintiff's version of the facts. It requires no survey of the evidentiary record as a whole. It involves no consideration of "whether the plaintiff's allegations actually state a claim." *See Mitchell*, 472 U.S. at 528. "All it need determine is a question of law." *Johnson*, 515 U.S. at 312 (quoting *Mitchell*, 472 U.S. at 528). For example, that an averment is no more than inadmissible hearsay and not based on personal knowledge.[1] *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

Third, the balance of judicial economy counsels in favor of review of admissibility. The *Johnson* Court noted that "the issue . . . at stake" in that case—"the existence, or nonexistence, of a triable issue of fact—is the kind of issue that trial judges, not appellate judges, confront almost daily." 515 U.S. at 316. "Institutionally speaking," the Court explained, "appellate judges enjoy no comparative expertise in such matters," so "interlocutory appeals are less likely to bring important error-correcting benefits [t]here than where purely legal matters are

[1] The majority's view would apparently be the same no matter how erroneous a district court's admissibility determination. To provide an example, "John, in the next cell, told me that Fred, in the cell next to his, told him that he saw the correctional officer hitting Roger."

at issue." *Id.* In contrast, admissibility, as a purely legal matter, is well within the appellate wheelhouse. And *Johnson* observed that "to determine whether there is or is not a triable issue of fact . . . may require reading a vast pretrial record," and "the close connection between this kind of issue and the factual matter that will likely surface at trial means that the appellate court . . . may well be faced with approximately the same factual issue again, after trial," when it will be required "once again, to canvass the record." *Id.* at 316–17. But those concerns do not arise when we are simply considering the admissibility of discrete pieces of evidence, and not the sufficiency of the evidentiary record as a whole.

So the countervailing considerations that led *Johnson* to deny interlocutory immunity to questions of evidentiary *sufficiency* do not apply to discrete questions of evidentiary *admissibility*. Instead, the policy of barring the trial of public officials who hold qualified immunity should prevail when the question of the propriety of such a trial depends on the answer to a purely legal question. *See Saucier v. Katz*, 533 U.S. 194, 200–01 (2001) (explaining that because qualified immunity "is effectively lost if a case is erroneously permitted to go to trial," the Supreme Court "repeatedly ha[s] stressed the importance of resolving immunity questions at the earliest possible stage in litigation" (first quoting *Mitchell*, 472 U.S. at 526; and then quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam))).

4. Appellants argue on appeal that three pieces of evidence crucial to the district court's sufficiency analysis are inadmissible. For the foregoing reasons, I believe we have jurisdiction to reach these arguments, and thus that it is improper to dismiss the appeal.

The first putatively inadmissible piece of evidence is Hintze's sworn statement in his verified complaint that he contracted COVID-19 in December 2020. It is undisputed that Hintze tested positive for COVID-19 on January 10, 2022. But he alleges this was not the first time he contracted the disease while in custody. This allegation is crucial to his case because his complaint states that the constitutional violation leading to his contraction of the disease "occurred[ in] March–December of 2020."

Appellants argue that the district court erred in considering Hintze's sworn statement on this point because it is inadmissible. They cite four out-of-circuit cases for the proposition that a lay witness's testimony about their own medical condition is inadmissible, but three do not concern admissibility. *See Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010); *Montgomery v. Pinchak*, 294 F.3d 492, 504 (3d Cir. 2002); *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994). The fourth notes only that, under Federal Rule of Evidence 701, a lay witness can offer "opinion testimony on a medical issue" only if that opinion is not "based on scientific, technical, or otherwise specialized knowledge." *Felkins v. City of Lakewood*, 774 F.3d 647, 651

(10th Cir. 2014) (quoting Fed. R. Evid. 701(c)). But Hintze's testimony that he believes he contracted COVID-19 in December 2020 because of his "respi[ra]tory issues and a deteriorated sense of taste and smell," as well as "headaches" and "brain fog," is clearly not a specialized scientific opinion under Rule 701. His sworn statement is admissible, and the district court did not err in considering it.

The other two of the putatively inadmissible pieces of evidence consist of Hintze's sworn statements in his verified complaint pertaining to the basis on which Hintze alleged that certain Appellants (Director Daniels, Deputy Director Wickham, and Deputy Director Williams) "knew about the inadequate response to COVID-19 at" the prison. First, he stated that those Appellants "toured [the prison] on several occasions between March and December of 2020." Second, he stated that they "received calls and emails from advocacy groups informing them of the[] conditions" at the prison. The district court specifically relied on both statements. Appellants argue that the first statement is inadmissible because it was offered only on information and belief, and that the second is inadmissible for the same reason, and because it is also inadmissible hearsay.

But Appellants did not object below that the evidence Hintze offered was hearsay, nor that it was offered only upon information and belief. They put forward no basis on which the magistrate judge or district court could conclude that this evidence was inadmissible. So those arguments are not preserved on appeal. *See*

*Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011) ("Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so.").[2] I would thus reach and reject Appellants' admissibility arguments.

* * *

Because we have jurisdiction to reach the legal questions of qualified immunity and admissibility, I do not believe it is proper to dismiss the appeal. Instead, I would find that, given the limited objections made below, the district court did not err by considering the challenged evidence. And because it did not so err, I would reject Appellants' argument that the admissible evidence, construed in the light most favorable to Hintze, excludes the putatively inadmissible evidence and so

---

[2] There is an exception to this rule "when the issue is purely one of law." *Baccei*, 632 F.3d at 1149. But I have found no case in which we have applied that exception to objections to the admissibility of evidence. Under the Federal Rules of Evidence, "[a] party may claim error in a ruling to admit . . . evidence only if the error affects a substantial right of the party *and* . . . [the party] timely objects or moves to strike; and . . . states the specific ground, unless it was apparent from the context." Fed. R. Evid. 103(a)(1). That Rule would have no effect at all if, despite a failure to preserve an objection in accord with its requirements, a party could still "claim error" in an appeal. Thus, we have declined to consider arguments first raised on appeal regarding the supposed inadmissibility of evidence considered at summary judgment. *See, e.g.*, *Allen v. Scribner*, 812 F.2d 426, 435 n.18 (9th Cir. 1987); *Scharf v. U.S. Att'y Gen.*, 597 F.2d 1240, 1243 (9th Cir. 1979). Nor does a general objection below suffice. *See Morgan v. Woessner*, 997 F.2d 1244, 1260 n.18 (9th Cir. 1993) ("A party fails to preserve an evidentiary issue for appeal not only my failing to make a specific objection, but also my making the *wrong* specific objection." (citation modified) (quoting *United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990))).

fails to establish a constitutional violation. Finally, I would find that Appellants have advanced no tenable argument that the right at issue was not clearly established. So I would affirm. Thus, I respectfully dissent.